UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 0 2 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-40069 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| SHAWNA SEVERSON, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Motion to Reconsider Conditions of Release (Doc. 30).

## **BACKGROUND**

On July 14, 2005, Defendant Shawna Severson self-surrendered to the arrest warrant and made her initial appearance on the Indictment. The Indictment contains three counts and charges Defendant with access device fraud and aggravated identity theft. Count 1 carries a maximum possible penalty of 15 years in prison and a $250,000 fine; if convicted of Count 2, Defendant faces a maximum of 10 years imprisonment and a $250,000 fine; Count 3 requires a mandatory two years imprisonment to be served consecutive to any other term imposed. Defendant may also be required to serve a term of supervised release and pay restitution. Further, each count carries a mandatory $100 special assessment payable to the victims' assistance fund.

## **ENTRY OF THE ORDER SETTING CONDITIONS OF RELEASE**

A hearing was held on July 14, 2005, pursuant to the Bail Reform Act, 18 U.S.C. § 3142. The pretrial services report prepared by U.S. Pretrial Services Officer Kim Williams was proffered by the government. No foundational objection for the report was raised by the defense. The report reflects the following areas of concern for risk of flight and risk of danger:

1. Defendant may have unaddressed substance abuse problems. Defendant admitted being addicted to cocaine approximately 5½ years ago. Defendant further reported she "smoked marijuana in high school." Defendant may also have a potential for abusing alcohol.

2. Defendant has a lengthy history of traffic violations, a conviction for driving under the influence, and a history of failure to appear and failure to comply with court orders.

3. Defendant's current employment affords her access to customers' names, addresses, and dates of birth.

After considering the information contained in the pretrial services report and the arguments of counsel, it was determined defendant was a candidate for release. Due to concerns of risk of flight and danger to the community, however, numerous conditions of release were imposed. (Doc.8.) The conditions of release were reviewed in detail with Defendant during the hearing and she represented she fully understood, and agreed to, the conditions imposed. Defendant was advised of the possible penalties for a violation of the release order.

## DECEPTION AND THE VIOLATION
## OF THE ORDER ON THE DATE IT WAS ENTERED

On August 16, 2005, the government filed its Motion to Revoke Pretrial Release or Alternatively to Add Conditions (Doc. 15). The basis for the motion was the Report of Apparent Bond Violation dated August 2, 2005, prepared by U.S. Pretrial Services Officer Kim Williams which indicates a urine sample provided by Defendant on July 21, 2005, tested positive for marijuana use. When questioned on July 29 by Mr. Williams, Defendant said she smoked marijuana throughout the evening with her sister on July 5, 2005. She did not provide an explanation as to why she lied during her July 7 pretrial interview when she said she last smoked marijuana in high school.

2

A bond violation hearing was held on August 18, 2005. Defendant admitted she used marijuana, but her explanation changed throughout the course of the hearing. Initially, Defendant admitted through counsel that she used marijuana but used it before these charges were initiated and lied to Mr. Williams during the pretrial interview about the date of her last marijuana use.

Later in the hearing, when personally questioned, Defendant stated she smoked marijuana approximately one week prior to providing the urine sample.

Next, Defendant stated through counsel she used marijuana with her sister the night of July 14, 2005 (hours after the release order prohibiting the use of controlled substances was entered) and therefore was not untruthful during the pretrial interview.

Defendant was found to have violated Condition 7(p) of the Order Setting Conditions of Release by using marijuana on July 14, 2005, the day the order was entered. Defendant was ordered to maintain residence at the Glory House and the hearing on the Government's Motion was continued to August 29, 2005.

On August 29, 2005, a Second Report of Apparent Bond Violation was filed alleging defendant tested positive on August 4, August 8, August 15 and August 18, 2005, for the use of opiates. Defendant disputed the allegations therein and argued she had taken Hydrocodone which she obtained by prescription. Several inconsistencies in statements made by Defendant were brought to light.

## CONCLUSION AND ORDER

Defendant violated the terms and conditions of the Order Setting Conditions of Release by using marijuana. Further, Defendant has been less than truthful about her drug use and has given inconsistent statements repeatedly. Considering the Defendant's immediate violation of the court's order and all the factors required by the Bail Reform Act, the court finds the least restrictive means of reasonably assuring the Defendant's presence at further proceedings in this matter and the safety

3

of the community is to require Defendant to maintain residence at a halfway house and abide by all the other conditions imposed in the Order Setting Conditions of Release dated July 14, 2005. Accordingly, Defendant's Motion to Reconsider Conditions of Release (Doc. 30) is DENIED.

Dated this 2nd day of September, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk
By_____, Deputy
(SEAL)